Filed 3/9/26  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102132 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08115) |
| v. | |
| ANGEL MICHAEL RODRIGUEZ, | |
| Defendant and Appellant. | |

Convicted in 2013 of robbery with five prior strikes and serious felony convictions, defendant Angel Michael Rodriguez received a sentence of 25 years to life under the three strikes law plus 15 years (three 5-year determinate terms) for the prior serious felony enhancements.  (*People v. Rodriguez* (Jan. 23, 2015, C074676) [nonpub. opn.] (*Rodriguez I*).)  Defendant's conviction became final shortly after we affirmed the judgment in *Rodriguez I*.  He petitioned this court for a writ of habeas corpus in 2018 and was partially successful; in 2020, another panel of this court granted him a limited remand for resentencing to correct specific aspects of his sentence, which we detail

1

below.  (*In re Rodriguez* (July 9, 2020; C088356) [nonpub. opn.] (*Rodriguez II*).)  After his resentencing in 2020, defendant appealed, and we affirmed the resulting judgment after habeas corpus relief, but directed a mathematical correction to the calculation of credits.  (*People v. Rodriguez* (May 17, 2024; C098626) [nonpub. opn.] (*Rodriguez III*).)

Defendant now appeals from the resulting judgment.

## BACKGROUND

Most of the facts underlying defendant's offense and the complex legal history of this matter are not pertinent to resolution of defendant's issues on appeal.  We begin with the decision of another panel of this court regarding defendant's 2020 habeas corpus petition, which determined the record did not establish that defendant's 1990 second degree robbery conviction was a serious felony.  (*Rodriguez II*, *supra*, C088356.)  In light of this conclusion, this court remanded the matter "to strike the enhancements imposed based on petitioner's October 19, 1990, Oregon second degree robbery conviction and to set the matter for resentencing."  (*Ibid.*)

In December 2020, the trial court conducted a resentencing hearing as directed, which the court, the People, and defendant's attorney agreed was for the limited purpose of striking the prior strike and prior serious felony enhancement associated with defendant's 1990 second degree robbery conviction.  (*Rodriguez III*, *supra*, C098626.)  The trial court did as directed by the disposition in *Rodriguez II*, striking the enhancement and prior conviction associated with the 1990 robbery.  (*Ibid.*)

Defendant appealed, arguing the trial court erred in limiting his resentencing hearing to the subject of the limited remand.  (*Rodriguez III*, *supra*, C098626.)  We found no error in the trial court's limited hearing, because of the limited nature of the remand. (*Ibid.*)  But there had been a mathematical error in credit calculation caused by the failure to update credits, and accordingly we remanded the case once again "for the limited purpose of calculating defendant's actual custody credits up to [defendant's resentencing on] December 17, 2020, and preparing corrected minutes and a corrected abstract of

judgment as directed by this opinion." (*Ibid.*)  We did not direct the trial court to hold a sentencing hearing, nor did we direct it to provide defendant with a full resentencing. Our remand was narrow and limited to an undisputed mathematical correction of the credit calculation.

In August 2024, the remittitur issued.  On September 11, 2024, the trial court issued an ex parte order correcting defendant's custody credit award to reflect his total actual custody credits through the resentencing hearing on December 17, 2020. Defendant timely appealed.

## DISCUSSION

### I

### *The Trial Court Did Not Err in Following Our Directions on Remand*

Defendant contends the trial court erred in failing to conduct a full resentencing hearing following the issuance of the latest remittitur in August 2024.  However, our limited remand included no such direction, and the trial court did not err by confining its correction of the sentence to that ordered in the disposition of *Rodriguez III*.

It is well settled that a trial court's jurisdiction on remand is limited by the directions of the appellate court.  (*People v. Lewis* (2004) 33 Cal.4th 214, 228.)  Here, having already rejected defendant's claim of error for declining to deviate from the limited remand in the previous appeal (*Rodriguez III*, *supra*, C098626), we remanded defendant's case "for the limited purpose of calculating defendant's actual custody credits up to [defendant's resentencing on] December 17, 2020, and preparing corrected minutes and a corrected abstract of judgment as directed by this opinion." (*Ibid.*)  Thus, the trial court's jurisdiction on remand was limited to the ministerial awarding of updated custody credits.  (*Lewis*, at p. 228.)

3

To the extent defendant argues our remand did not limit the trial court's reconsideration of his entire sentence, the cases he cites are inapposite.**1**  Here, defendant's convictions were long final.  He was back in the trial court for a limited credits correction after his resentencing (following the direction of limited relief on his habeas corpus petition) had *already been affirmed* on direct appeal.  Although defendant argues his judgment regained a nonfinal status due to his successful habeas corpus petition in 2020 and that this court erred in 2024 by not requiring a full sentencing in our limited remand for credit correction (see *Rodriguez III*, *supra*, C098626), the time to petition our Supreme Court for relief from that decision has long since passed.

The trial court did not err when it followed our directions.

II

*No Right to Be Present for Calculation of Updated Custody Credits*

Defendant next argues he had the right to be present at his most recent sentencing correction.  But he has not shown the trial court erred in issuing updated custody credits in his absence.  (See, e.g., *People v. Gonzalez* (2025) 108 Cal.App.5th 741, 752, review granted Apr. 30, 2025, S289874 [modification of custody credit award does not require the defendant's presence]; *People v. Boyd* (2024) 103 Cal.App.5th 56, 74 [no right to personal presence for correction of custody credit award presenting a legal question and where presence would not contribute to fairness of proceeding].)  Defendant has not argued, and we see no evidence in the record suggesting, that there was a disputed factual

---

**1**  We acknowledge the review-granted status of a number of cases in this general area, including *People v. Esquivias* (2024) 103 Cal.App.5th 969, review granted October 2, 2024, S286371, which concern whether a defendant is entitled to a full resentencing following the issuance of an order to show cause after habeas corpus relief has been granted.  None of these cases, however, are in a comparable procedural posture to this case, which comes to us on appeal from a (second) limited remand in 2024, affirming a judgment *after* habeas corpus relief had been *provided* but simply directing a credit correction.  (*Rodriguez III*, *supra*, C098626.)

4

issue relating to defendant's custody credit award that would have benefitted from his presence. His claim therefore fails.

## DISPOSITION

The judgment is affirmed.

 /s/
WISEMAN, J.*

We concur:

 /s/
DUARTE, Acting P. J.

 /s/
MESIWALA, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5